| TOBIAS, J.,
concurs in part and dissents in part.
I respectfully concur in the reversal of the workers’ compensation judge’s decision to award Ms. Wallace temporary total disability benefits for the period of 18 March 1999 through 18 July 1999 and the medical expenses incurred by her during that period. The record reflects that Ms. Wallace worked for a period of time during April 1999 for another employer and quit the job because she could not do the work. The record is silent as to why Ms. Wallace could not do the work. That is, no evidence establishes one way or another that she could not do the work because of her asserted injury sustained while working for CNH or because she was simply unable to perform the duties of her new job. The burden was upon Ms. Wallace to establish the fact. Further, that Ms. Wallace actually worked following her asserted injury establishes more likely than not that she was not temporarily totally disabled for at least part of the time in April 1999. The burden of proof was upon Ms. Wallace to establish by clear and convincing evidence that she was totally disabled from any employment during the applicable period. This she failed to do.
I respectfully dissent from the majority’s decision to remand the matter for a new trial. Although the trial court’s interlocutory order prevented Ms. Wallace from introducing her medical records, the interlocutory order did not prevent her | 2from calling her treating physician to testify about her injury. I find no error in the trial court’s entry of the interlocutory order. The proffered medical report, which is not certified as required by law, must be excluded as evidence, and the medical bill does not prove that the treatment was related to the asserted injury while working for CNH. I therefore find that as a matter of law Ms. Wallace is not permitted a second opportunity to prove her case at trial. I therefore would merely reverse and render.